Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
DENA PHILIPS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DENA PHILLIPS, <br><br> Plaintiff, <br><br> v. <br><br> CONVERGENT OUTSOURCING, INC., <br><br> Defendant. | **Case No.:** 15-at-330 <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, DENA PHILLIPS[1] ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

---

[1] Plaintiff's maiden name is Dena Miller.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the Strathmore, Tulare County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Atlanta, Fulton County, Georgia.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a Verizon Wireless account from 2002.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around September 2014, Defendant began placing collection calls to Plaintiff.

23. Defendant calls Plaintiff on her mother's home telephone at 559-568-17XX.

24. Defendant calls Plaintiff from 559-321-0579, which is one of Defendant's numbers.

25. On September 3, 2014, Plaintiff answered one of Defendant's phone calls and spoke to one of Defendant's collectors named Kim.

26. During the aforementioned conversation, Kim did not state that the call is from CONVERGENT OUTSOURCING, INC.

27. Defendant's collectors who called Plaintiff were working within the scope of his employment

when he communicated with Plaintiff in an attempt to collect a debt.

28. Defendant's collector that calls Plaintiff is familiar with the FDCPA.

29. Defendant's collector that calls Plaintiff knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

30. In or around September 3, 2014, Plaintiff answered one of Defendant's phone calls, and was greeted by an automated recording.

31. At that time, Plaintiff selected the option on the automated recording to have her number removed from Defendant's call list.

32. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff in an attempt to collect the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt when Defendant repeatedly called Plaintiff in an attempt to collect the alleged debt after Plaintiff requested Defendant stop calling her;

   b. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number, when Defendant repeatedly called Plaintiff in an attempt to collect the alleged debt after Plaintiff requested Defendant stop calling her; and

   c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant failed to identify itself

as CONVERGENT OUTSOURCING, INC. when placing collection calls to Plaintiff in an attempt to collect the alleged debt;

WHEREFORE, Plaintiff, DENA PHILIPS, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

36. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff repeats and re-alleges paragraphs 1-32 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity when Defendant failed to identify itself as CONVERGENT OUTSOURCING, INC. when placing collection calls to Plaintiff in an attempt to collect the alleged debt;

   b. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant repeatedly called Plaintiff in an attempt to collect the alleged debt after Plaintiff requested Defendant stop calling her;

   c. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by telephone, with such frequency as to be unreasonable and to constitute an harassment

5

to the debtor under the circumstances, when Defendant repeatedly called Plaintiff in an attempt to collect the alleged debt after Plaintiff requested Defendant stop calling her; and

d. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, DENA PHILIPS, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

39. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

40. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

41. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  April 21, 2015              AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
DENA PHILIPS